10-3561-ag
Weng v. US DOJ

BIA
A073 053 313

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges.*

_____

XIN BAO WENG,
> *Petitioner,*

> v.                                      10-3561-ag
>                                         NAC

UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES ATTORNEY GENERAL,
IMMIGRATION & NATURALIZATION SERVICE,
> *Respondents.*

_____

FOR PETITIONER:          Cora J. Chang, New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General; David V. Bernal, Assistant
                         Director; Lance L. Jolley, Trial
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Bao Weng, a native and citizen of the People's Republic of China, seeks review of an August 18, 2010, decision of the BIA denying his motion to reopen his removal proceedings. *In re Xin Bao Weng*, No. A073 053 313 (B.I.A. Aug. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. 8 U.S.C. § 1229a(c)(7)(C)(i)(2006). There is no dispute that Weng's second motion to reopen, filed more than eight years after the BIA affirmed the IJ's denial of his asylum application, was untimely and number-barred. *See id.*

The BIA did not err in concluding that Weng failed to submit material evidence of changed country conditions as required to warrant consideration of his untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)(2006). As the BIA found, Weng made no claim that there had been a change in China since his 1997 hearing regarding the treatment of Christians. Although Weng now argues that "new and previously unavailable evidence . . . show[s] changed country conditions in China," he fails to indicate the evidence to which he is referring. Upon review of the record, no such evidence is present. The evidentiary materials that Weng submitted in connection with his motion to reopen contain only passing references to the current conditions in China for Christians and do not suggest that conditions have materially changed. Accordingly, the BIA did not abuse its discretion in finding that Weng's new practice of Christianity constituted only a change in personal circumstances, which did not excuse the untimely and number-barred filing of his motion. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130—31 (2d Cir. 2005) (per curiam).

2

In his brief to this Court, Weng mentions that his motion to reopen was also premised on his eligibility to apply for suspension of deportation, but he fails to challenge the BIA's dispositive determinations that he was ineligible for suspension or that his new eligibility for suspension would not excuse the time and number bars applicable to his motion. We therefore deem waived any challenge to the BIA's denial of Weng's motion to the extent that it was based on Weng's asserted eligibility for suspension of deportation. *See Yuqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk